H. B. Pence and Mrs. H. B. Pence, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

W. G. Pence and Mrs. W. G. Pence, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 7106, 8408.   Promulgated January 12, 1928.

*E. C. S. Brainard, C. P. A.,* for the petitioners.
*Henry Ravenel, Esq.,* for the respondent.

OPINION.

Morris: The only question involved in this proceeding is the cost of the Pence Home Ranch, sold by the petitioners in 1920, on which an alleged loss of $33,463.16 was sustained. The petitioners contend that the property in question was sold for less than cost.

There is in petitioners' brief an amount of $38,800 which appears to be the cost attached to the property in question by the revenue agent. The petitioners state in their brief that this amount was "conceded by the revenue agent as being a fair value, which value is acceptable to all parties, and upon which there has been no controversy." We find nothing in the record tending to establish the acceptability of this figure as the "fair value" of the land at the time it was deeded to H. B. and W. G. Pence, nor do we agree with the statement that there has been no controversy over this figure. Indeed, since the March 1, 1913, value was stipulated by the parties and since the parties were apparently in agreement with respect to the selling price, the entire controversy hinged upon the cost of this property to the petitioners. If the petitioners intended to rely upon the fair market value as an element entering into the cost of this property, which they no doubt did, that value should have been established in the same manner as the improvements on the property. We have no definite knowledge of the respondent's treatment of this figure, nor do we know whether he regarded this sum to be the fair market value at the time the property was acquired by the petitioners or whether he regarded it to be the cost to the petitioners of everything including the improvements herein established. It must be obvious, therefore, that the proof of this sum as fair market value was one of the important elements of cost. Not being evidence before this Board, we can not of course give any weight to the affidavits which are appended to the petitions, nor to the statements in the petitioners' brief. *Appeal of Southern California Loan Association*, 4 B. T. A. 223.

On the evidence offered we are able to find that the petitioners had expended $71,530 in improving the property in question prior to March 1, 1913. The March 1, 1913, value was stipulated by the

parties to be $100,000 and the sale price, to which the parties agree, was $81,008; hence it will be seen that the sale price is less than the March 1, 1913, value and greater than the cost as proven by the petitioners. Therefore, on the evidence offered we sustain the findings of the respondent.

*Judgment will be entered for the respondent.*